UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES<br>COMPANY and DYNEON, LLC<br><br>St. Paul, Minnesota 55144<br><br>          Plaintiffs,<br><br>v.<br><br>AUSIMONT S.p.A.  and<br>SOLVAY SOLEXIS S.p.A.<br><br>I-20021 Bollate (MI), Italy<br><br>          Defendants. | Case Number: 1:06CV00371-EGS |

**FIRST AMENDED COMPLAINT**

Plaintiffs 3M Innovative Properties Company and Dyneon, LLC ("3M") for its complaint against Ausimont S.p.A. and Solvay Solexis S.p.A. ("Solvay") states as follows:

## I. THE PARTIES

1. Plaintiff 3M Innovative Properties Company is a company organized and existing under the laws of the State of Delaware, with a principal place of business at 2501 Hudson Road, St. Paul, Minnesota 55144.  Plaintiff Dyneon, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 6744 Upper 33rd Street, Oakdale, Minnesota.

2. Defendant Solvay is, on information and belief, a foreign corporation having a headquarters in Italy and is the successor to Ausimont S.p.A.

## II. THE NATURE OF THE ACTION

3. This is an action pursuant to 35 U.S.C. §146, to remedy the decision and final judgment of the Board of Patent Appeals and Interferences ("BPAI"). The interference, review of which is sought through this Complaint, is Interference 105,130. The interference was entitled Walter NAVARRINI, Junior Party v. Allan T. WORM et al, Senior Party.

## III. JURISDICTION AND VENUE

4. Jurisdiction is based on 35 U.S.C. §146, as well as 28 U.S.C. 1338(a). Venue is proper in this judicial district under 35 U.S.C. §146.

5. 3M Innovative Properties Company and Dyneon LLC are the assignees of U.S. Patent 6,255,536 ("'536 patent") involved in Interference 105,130. 3M is the real party in interest for the party WORM et al.

6. Ausimont S.p.A. is the assignee of U.S. Patent Application No. 09/840,582 ("'582 application") involved in Interference 105,130 according to U.S. Patent Office records. On information and belief, Solvay Solexis S.p.A. is the current assignee of U.S. Patent Application No. 09/840,582 ("'582 application") involved in Interference 105,130. Solvay is the real party in interest for the party NAVARRINI et al.

## IV. FACTS GIVING RISE TO THE COMPLAINT

7. On November 4, 2003 an Interference was declared by the Board of Patent Appeals and Interferences ("BPAI") between the '536 patent and the '582 application. That Interference was conducted pursuant to the provisions of 37 CFR §1.601 *et seq.*, now superseded by 37 CFR §41. 100 *et seq.*

8. On April 26, 2004, 3M filed, pursuant to the Order of the BPAI, Paper Number 20 its Preliminary Statement asserting a date of invention based on a conception of the subject matter of the sole Count of the Interference of no later than August 31, 1994 followed by a reduction to practice in 1995. Pursuant to Paper 20, 3M served that Preliminary Statement one week later, putting Solvay on notice that 3M intended to prove a date of invention of 1995.

9. Also on April 26, 2004 3M filed, pursuant to Paper 20, its Preliminary Motions, including a Preliminary Motion seeking judgment that the Solvay claims designated as corresponding to the Count, claims 52 - 57, were unpatentable over prior art.

10. Also on April 26, 2004 Solvay filed, pursuant to Paper 20, its Preliminary Motions, including Preliminary Motion 1, seeking judgment that 3M's claims designated as corresponding to the Count, Claims 7 - 9, were unpatentable over prior art.

11. On February 28, 2006 the BPAI issued its Decision on Preliminary Motions filed in Interference 105,130. That 56 page decision is submitted herewith as Exhibit A.

12. In the Decision that is Exhibit A, the BPAI finds all Solvay claims to be unpatentable over prior art. Exhibit A, pp. 52 - 53.

13. In the Decision that is Exhibit A, the BPAI finds 3M claims 7 - 9 to be unpatentable over PCT Publication WO 99/48939 (the publication of PCT application PCT/US99/03490) ('939 publication). In the Decision that is Exhibit A, the BPAI finds 3M claims 7 - 9 to be unpatentable over U.S. Patent 6,294,627, filed May 18, 1999 (627 patent). Exhibit A, pp. 40 - 50.

14. Neither the '939 publication, nor the '627 patent is available as a reference more than a year prior to the filing date of 3M's '536 patent, which was filed December 22, 1999. Accordingly, 3M may be able to remove both the '627 patent and the '939 publication as references by demonstrating either 1) the 3M inventive entity of Claims 7 - 9 intended its subject matter prior to the effective dates of the '627 patent and the '939 publication, which 3M indicated, in its Preliminary Statement it intended to do, or 2) by demonstrating that the work in the '627 patent and the '939 publication relied on to render claims 7 - 9 unpatentable was the work of the 3M inventive entity of Claims 7 - 9.

15. 3M attempted to present evidence of prior invention, and presented evidence to show that the applied disclosure of the '939 publication and the '627 patent was the work of the same 3M inventive entity that invented the subject matter of 3M claims 7 - 9. Solvay did not provide any evidence to the contrary.

16. The BPAI erroneously denied 3M the opportunity to present evidence of prior inventorship, and erroneously disregarded the evidence demonstrating that the work in the '939 publication and the '627 patent was the work of the inventive entity of 3M claims 7 - 9.

17. For the reasons set forth above, the BPAI erred when it determined that 3M Claims 7 - 9 were unpatentable over the '627 patent and the '939 publication, when the '627 patent and '939 publication were neither available as references prior to the date of invention by the 3M inventive entity of the subject matter of Claims 7 - 9 of the 3M '536 patent, as required by the applicable provisions of 35 U.S.C. §102(a) and §102(e), and when the '627 patent and '939 publication was not the work of "another" than the inventors of Claims 7 - 9, as required by 35 U.S.C. §102(a) and §102(e).

18. Plaintiff 3M is accordingly a party dissatisfied with the result of Interference 105,130, and seeks review and modification of the Decision of the BPAI, and in particular, reversal of the final judgment entered that Claims 7 - 9 of the '536 patent are unpatentable over prior art.

## V. **SUMMARY**

Accordingly, Plaintiff 3M prays for a judgment:

A. REVERSING the judgment of the BPAI that 3M's Claims 7 - 9 of the '536 patent are unpatentable over prior art.

B. AWARDING 3M its costs and attorneys fees pursuant to 35 U.S.C. §285, and such other and further relief as this Court may deem appropriate.

Respectfully submitted,

Date: March 7, 2006

/s/Steven B. Kelber
Steven B. Kelber
D.C. Bar No. 358515
Merchant & Gould
901 Fifteenth Street, N.W., Suite 850
Washington, D.C. 20005
Telephone: 202.326.0300
Facsimile: 202.326.0778

Attorneys for Plaintiff
3M INNOVATIVE PROPERTIES
 COMPANY and DYNEON, LLC