UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and DYNEON, LLC <br><br> Plaintiffs, <br><br> v. <br><br> SOLVAY SOLEXIS S.p.A.[1] <br> Viale Lombardia 20, <br> 1-20021 Bollate (MI) Italy <br><br> Defendant <br><br> SOLVAY SOLEXIS S.p.A. <br><br> Counterclaim-Plaintiff <br><br> v. <br><br> 3M INNOVATIVE PROPERTIES COMPANY and DYNEON, LLC <br><br> Counterclaim-Defendants | CASE NUMBER 1:06CV00371 (EGS) <br><br> JUDGE: Emmet G. Sullivan |

## ANSWER AND COUNTERCLAIM

Solvay Solexis S.p.A. ("Solvay") answers the First Amended Complaint of 3M

Innovative Properties Company and Dyneon, LLC ("3M") as follows:

---

[1] The caption for the First Amended Complaint listed two defendants Ausimont SpA and Solvay Solexis SpA. Ausimont SpA's name was changed to Solvay Solexis SpA. Therefore, Solvay Solexis SpA is the only defendant in this action.

**I.     ANSWER**

1. Upon information and belief, Solvay admits the allegations in Paragraph 1 of the First Amended Complaint.

2. Solvay admits the allegations in Paragraph 2 of the First Amended Complaint.

3. In response to Paragraph 3, Solvay admits this is an action filed by 3M pursuant to 35 U.S.C. § 146 to modify the decision and final judgment of the Board of Patent Appeals and Interferences ("Board").  Solvay admits that the interference for review is Interference 105,130, which was entitled Walter Navarrini, Junior Party v. Allan T. Worm et al., Senior Party.

4. Solvay admits the allegations in Paragraph 4 of the First Amended Complaint.

5. Upon information and belief, Solvay admits the allegations in Paragraph 5 of the First Amended Complaint.

6. In response to Paragraph 6 of the First Amended Complaint, Solvay admits that Ausimont S.p.A. was the prior named assignee of U.S. Application Serial No. 09/840,582 to Navarrini ("Navarrini '582 application").  Solvay is the assignee of the Navarrini '582 application and the real party in interest for the party NAVARRINI et al.

7. In response to Paragraph 7 of the First Amended Complaint, Solvay admits that on November 4, 2003 an interference was declared by the Board between the U.S. Patent No. 6,255,536 to Worm et al., ("Worm '536 patent") and the Navarrini '582 application.  This interference was conducted pursuant to the interference provisions of 37 C.F.R. and the applicable orders of the Board.  The interference provisions were set forth in 37 C.F.R. § 1.601 *et seq*.  Before the final decision by the Board, the Board adopted the rules set forth in 37 C.F.R. § 41.100 *et seq*.  The latter decisions by the Board cite to the rules set forth in 37 C.F.R. § 41.100

*et seq* (e.g., Papers 99, 100, 103). Paper 99 cites to rules set forth in both 37 C.F.R. § 1.601 *et seq* and 37 C.F.R. § 41.100 *et seq.*

      8. In response to Paragraph 8 of the First Amended Complaint, Solvay admits that 3M filed the Worm Preliminary Statement on April 26, 2004. Solvay admits the Worm Preliminary Statement states Worm's position that the conception of the subject matter of the Count I of the Interference, which is the sole count set forth by the declaration of the interference, was no later than August 31, 1994 and that there was a reduction to practice of that count in 1995. Solvay admits that 3M served the Worm Preliminary Statement one week later. Solvay denies all other allegations in Paragraph 8 of the First Amended Complaint (e.g., Solvay denies that 3M filed the Worm Preliminary Statement pursuant to Paper 20).

      9. In response to Paragraph 9 of the First Amended Complaint, Solvay admits that on April 26, 2004 3M filed Worm Preliminary Motions 1, 2 and 3. Solvay admits that Worm Preliminary Motion 2 sought judgment that the Solvay claims designated as corresponding to the Count, 52-57 of the Navarrini '582 application ("Navarrini claims 52-57"), were unpatentable over prior art. Solvay admits that Paper 20 authorized the filing of Worm Preliminary Motion 2. Solvay denies that Paper 20 authorized the filing of Worm Preliminary Motions 1 or 3.

      10. In response to paragraph 10, Solvay admits that on April 26, 2004 Solvay filed Navarrini Preliminary Motions 1, 2, and 3. Solvay admits that Paper 20 authorized the filing of these motions.

      11. Solvay admits the allegations in Paragraph 11 of the First Amended Complaint.

12. In response to Paragraph 12 of the First Amended Complaint, Solvay admits that the Board held that claims Navarrini claims 52-57 were unpatentable over the prior art. The Board did not substantively address Navarrini claim 58.

13. Solvay admits the allegations in Paragraph 13 of the First Amended Complaint.

14. Solvay admits that the PCT Publication WO 99/48939 (the publication of the PCT application PCT/US99/03490) ("'939 reference") and the U.S. Patent 6,294,627 ("'627 reference") are not prior art under 35 U.S.C. § 102(b) to Worm. The references are prior art under other paragraphs of 35 U.S.C. § 102. Solvay denies all other allegations in Paragraph 14 of the First Amended Complaint. The only substantive issue that 3M can properly raise in this 146 action regarding the patentability of claims 7-9 of the Worm '536 patent ("Worm claims 7-9") is whether the inventive entity for Worm claims 7-9 invented the pertinent subject matter in both the '939 reference and the '627 reference that was applied against Navarrini claims 52-57 and Worm claims 7-9 in the interference. The First Amended Complaint references the procedural issue of whether the Board erred in rejecting 3M's belated attempt to request briefing on antedation or erred in striking, in part, Worm Reply 2. The Board correctly rejected 3M's belated attempt to raise antedation and correctly struck, in part, Worm Reply 2.

15. Solvay admits that 3M submitted declarations that 3M claimed demonstrated that the inventive entity of the Worm claims 7-9 invented the pertinent subject matter of the '939 and '627 references. Solvay denies all other allegations in Paragraph 15 of the First Amended Complaint.

16. Solvay denies the allegations in Paragraph 16 of the First Amended Complaint.

17. Solvay denies the allegations in Paragraph 17 of the First Amended Complaint.

18. In response to Paragraph 18 of the First Amended Complaint, Solvay denies that 3M has any grounds for dissatisfaction with the result of Interference 105,130 and denies that 3M has any right to modification of the Decision of the Board or reversal of the final judgment entered that Worm claims 7-9 are unpatentable over the prior art.

## II.   COUNTERCLAIMS

19. Counterclaim Plaintiff Solvay is a corporation organized under the laws of Italy, with a principal place of business in Bollate (MI) Italy.

20. Upon information and belief, Counterclaim Defendant 3M Innovative Properties Company is a corporation organized under the laws of Delaware, with a principal place of business in St. Paul, Minnesota.

21. Upon information and belief, Counterclaim Defendant Dyneon LLC is a limited liability corporation organized under the laws of Delaware, with a principal place of business in Oakdale, Minnesota.

### A.   JURISDICTION AND VENUE

22. This action arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281-285.

23. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 146, 1331 and 1338.

24. This Court has personal jurisdiction over 3M Innovative Properties Company and Dyneon LLC because they have purposefully availed themselves of this Court by initiating this action and because, upon information and belief, 3M Innovative Properties Company and Dyneon LLC transact business in this jurisdiction.

25. Venue is proper over 3M Innovative Properties Company and Dyneon LLC because they have purposefully availed themselves of this Court by initiating this action and, upon information and belief, is proper under 35 U.S.C. §§ 1391 and 1400.

**B.    COUNT ONE**

**(Declaration Affirming the Board's Decision)**

26. The Board correctly held Worm claims 7-9 unpatentable over the '939 and '627 references under 35 U.S.C. §§ 102 and 103.

27. The only substantive issue that 3M can properly raise in this § 146 action regarding the patentability of Worm claims 7-9 is whether the inventive entity for Worm claims 7-9 invented the pertinent subject matter in both the '939 and '627 references that was applied against Navarrini claims 52-57 and Worm claims 7-9 in the interference.

28. Worm claims 7-9 are unpatentable over the '939 and '627 references under 35 U.S.C. §§ 102 and 103.

**C.    COUNT TWO**

**(Declaration That Worm Claims 7-9 Are Unpatentable Over Kruger)**

29. In Navarrini Preliminary Motion 1, Solvay moved for judgment that Worm claims 7-9 are unpatentable over, *inter alia*, U.S. Patent No. 5,696,216 to Kruger ("Kruger patent").

30. The Board held that not enough evidence was provided to deem Worm claims 7-9 unpatentable over the Kruger patent.

31. Under 35 U.S.C. §§ 102 and 103, Worm claims 7-9 are unpatentable over the Kruger patent.

32. If the Board's decision regarding the unpatentability of any of Worm claims 7-9 over either the '939 and '627 references is reversed, modified, vacated or altered in any way, Worm claims 7-9 should be held unpatentable over the Kruger patent.

D. **COUNT THREE**

**(Declaration That Navarrini Claim 57 is Patentable)**

33. The Board held Navarrini claim 57 unpatentable over the '939 and '627 references.

34. 3M did not prove that Navarrini Claim 57 was unpatentable.

35. Navarrini claim 57 is patentable over the '939 and '627 references.

36. Navarrini claim 57 should be held patentable over the prior art.

E. **COUNT FOUR**

**(Remand If Any of Worm Claims 7-9 Are Deemed Patentable Over the Prior Art)**

37. Due to the Board's findings of unpatentability over prior art, the Board did not resolve the issue of who first invented the interfering subject matter between the Navarrini '582 application and the Worm '536 patent.

38. The Board has already found that the invention of the Navarrini '582 application is prima facie prior art to the Worm '536 patent under 35 U.S.C. § 102(g).

39. If any of Worm claims 7-9 are held patentable over the applied prior art, the issue of who was the first to invent the interfering subject matter between Navarrini '582 application and Worm's '536 patent under 35 U.S.C. §§ 102(g) and 135 must be resolved.

40. A § 146 action is a review of the Board's determination. Therefore, if the Board's finding of unpatentability of any of Worm claims 7-9 is not affirmed and any of those claims are held to be patentable over the prior art, the action must be remanded to the Board so the Board

can determine the first inventor of the interfering subject matter between the Navarrini '582 application and Worm's '536 patent under 35 U.S.C. §§ 102(g) and 135 and resolve all other outstanding issues that result from a finding of the patentability of any of Worm claims 7-9 over the prior art.

### III.  REQUESTED RELIEF

Wherefore, Solvay prays for a judgment:

A.  AFFIRMING the judgment of the Board that Worm claims 7-9 are unpatentable over the '939 reference and/or the '627 reference or alternatively DECLARING that Worm claims 7-9 are unpatentable over the Kruger patent;

B.  DECLARING Navarrini claim 57 patentable;[2]

C.  If any of Worm claims 7-9 are held patentable, REMANDING this action to the Board to proceed with a determination of priority (i.e., who was first to invent the interfering subject matter) and all other issues that would remain outstanding due to a holding of patentability of any of Worm claims 7-9; and

D.  AWARDING Solvay its costs and attorneys fees pursuant to 35 U.S.C. § 285, and such other and further relief as this Court may deem appropriate.

---

[2]  Solvay reserves the right to dismiss, move to dismiss, or moot the request for this declaration if the judgment of the Board declaring Worm claims 7-9 unpatentable is affirmed.

Respectfully submitted,

By: */s/ John R. Hutchins*
John R. Hutchins - Bar No. 456,749

KENYON & KENYON LLP
1500 K Street, N.W., Suite 700
Washington, D.C. 20005
Phone: (202) 220-4217

Richard L. Mayer
Michael D. Loughnane
John R. Kenny
Paul M. Richter, Jr.
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
(212) 425-7200
***Attorneys for Defendant and Counterclaimant Solvay Solexis, SpA.***

Dated: May 1, 2006