## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| 3M INNOVATIVE PROPERTIES<br>  COMPANY and DYNEON, LLC | ) | |
| | ) | |
| St. Paul, Minnesota 55144 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case Number:  1:06CV00371-EGS |
| | ) | |
| AUSIMONT S.p.A. and<br>  SOLVAY SOLEXIS S.p.A. | ) | |
| | ) | |
| I-20021 Bollate (MI), Italy | ) | |
| | ) | |
| Defendants. | ) | |

## 3M INNOVATIVE PROPERTIES COMPANY
## REPLY TO THE COUNTERCLAIMS OF SOLVAY SOLEXIS S.p.A.
## AND AUSIMONT S.p.A.

3M Innovative Properties Company and Dyneon, LLC("3M") hereby replies to

Counts One through Five of Defendant Solvay Solexis S.p.A.'s ("Solvay")

Counterclaims, set forth at paragraphs 26 - 45 of the First Amended Answer and

Counterclaim.

3M replies to the allegations of Solvay's Counterclaims as recited in paragraphs

26 - 45, *seriatim*:

## COUNTERCLAIM COUNT ONE

**(Declaration Affirming the Board's Decision)**

26.     The Board correctly held Worm claims 7-9 unpatentable over the '939 and
'627 references under 35 U.S.C. §§ 102 and 103.

**ANSWER:**

Denied.  Further, the Board improperly held that Worm would not be permitted to

antedate the '939 and '627 references, notwithstanding Worm's prior notice of its intent to

do so.

27.     The only substantive issue that 3M can properly raise in this § 146 action

regarding the patentability of Worm claims 7-9 is whether the inventive entity for Worm

claims 7-9 invented the pertinent subject matter in both the '939 and '627 references that

was applied against Navarrini claims 52-57 and Worm claims 7-9 in the interference.

**ANSWER:**

This is a legal conclusion, not an allegation of fact.  To the extent it attempts to

assert facts, it is denied.

28.     Worm claims 7-9 are unpatentable over the '939 and '627 references

under 35 U.S.C. §§ 102 and 103.

**ANSWER:**

Denied.

## COUNT TWO

### (Declaration That Worm Claims 7-9 Are Unpatentable Over Kruger)

29.     In Navarrini Preliminary Motion 1, Solvay moved for judgment that

Worm claims 7-9 are unpatentable over, *inter alia*, U.S. Patent No. 5,696,216 to Kruger

("Kruger patent").

**ANSWER:**

Admitted, to the extent the real party in interest is Solvay, notwithstanding

ownership of record of the involved application in favor of Ausimont S.p.A.

30.     The Board held that not enough evidence was provided to deem Worm

claims 7-9 unpatentable over the Kruger patent.

**ANSWER:**

 Denied.  The Board held that Worm Claims 7 - 9 were patentable over the Kruger

Patent.

 31. Under 35 U.S.C. §§ 102 and 103, Worm claims 7-9 are unpatentable over
the Kruger patent.

**ANSWER:**

 Denied.

 32. If the Board's decision regarding the unpatentability of any of Worm
claims 7-9 over either the '939 and '627 references is reversed, modified, vacated or
altered in any way, Worm claims 7-9 should be held unpatentable over the Kruger patent.

**ANSWER:**

 This is a legal assertion, not an allegation of fact.  To the extent it attempts to

allege facts, it is clearly mistaken and denied.  Anything other than reversal of the Board's

decision would leave Worm Claims 7 - 9 patentable over the Kruger patent.

<u>**COUNT THREE**</u>

**(Declaration That Worm Claims 7-9 Are Unpatentable Over Other Prior
Art)**

 33. Worm claims 7-9 are unpatentable under 35 U.S.C. §102 and § 103 over
other prior art.

**ANSWER:**

 Denied.  While this allegation is generally denied, 3M notes that the allegation

fails to identify the "other prior art" and so fails as a notice pleading.

 34. For example, US Patent Numbers 4,981,727; 4,820,588; and 4,743,300
("Brinduse patents") are assigned to 3M.

**ANSWER:**

It is unclear what "for example" refers to, and so this part of the allegations of this

paragraph are denied.  The remainder are admitted.

35.    3M did not disclose the Brinduse patents to the United States Patent and Trademark office during the prosecution of the Worm '536 patent nor during Interference 105,130.

**ANSWER:**

To the extent this paragraph attempts to allege that the United States Patent and

Trademark Office was unaware of the "Brinduse patents" during the prosecution of the

Worm '536 patent or the pendency of Interference 105,130, the allegation is denied.

36.    Under 35 U.S.C. § 102 and § 103, Worm claims 7 and 9 are unpatentable over each of the Brinduse patents.

**ANSWER:**

Denied.  Counterclaim Defendants further note that Counterclaim Plaintiffs,

having failed to advance this allegation during the pendency of Interference 105,130, they

are barred from advancing it now.

37.    If the Board's decision regarding unpatentability of any of Worm claims 7-9 over either the '939 and '627 references is reversed, modified, vacated or altered in any way, Worm claims 7-9 should be held unpatentable over each of the Brinduse patents.

**ANSWER:**

This is a legal assertion, not an allegation of fact.  To the extent it attempts to

allege facts, it is clearly mistaken and denied.  Moreover, independent of any alteration of

the Decision of the Board of Patent Appeals and Interferences in Interference 105,130

there is no record basis to hold Worm claims 7 - 9 unpatentable over any one of, or all of

the Brinduse patents, and Counterclaim Plaintiffs are barred from adducing such record now.

## COUNT FOUR

### (Declaration That Navarrini Claim 57 is Patentable)

38.     The Board held Navarinni claim 57 unpatentable over the '939 and '627 references.

**ANSWER:**

Admitted.

39.     3M did not prove that Navarrini Claim 57 was unpatentable.

**ANSWER:**

Denied.  The Board expressly found that sufficient proof was advanced to demonstrate Navarinni Claim 57 is unpatentable over these references.

40.     Navarrini claim 57 is patentable over the '939 and '627 references.

**ANSWER:**

Denied.

41.     Navarrini claim 57 should be held patentable over the prior art.

**ANSWER:**

Denied.  To the extent this allegation refers to "prior art" other than that advanced by the parties during Interference 105,130, this allegation is vague and confusing, and is beyond the scope of this proceeding.

<u>**COUNT FIVE**</u>

**(Remand If Any of Worm Claims 7-9 Are Deemed Patentable Over the Prior Art)**

42.    Due to the Board's findings of unpatentability over prior art, the Board did not resolve the issue of who first invented the interfering subject matter between the Navarrini '582 application and the Worm '536 patent.

**ANSWER:**

Admitted.

43.    The Board has already found that the invention of the Navarrini '582 application is prima facie prior art to the Worm '536 patent under 35 U.S.C. § 102(g).

**ANSWER:**

Denied.

44.    If any of Worm claims 7-9 are held patentable over the applied prior art, the issue of who was the first to invent the interfering subject matter between Navarrini '582 application and Worm's '536 patent under 35 U.S.C. §§ 102(g) and 135 must be resolved.

**ANSWER:**

Denied.  Counterclaim Defendants note, in particular, that all Navarrini claims

were found to be unpatentable.  Under these circumstances, since priority was not fairly

raised in Interference 105,130, there would be no basis for determining who was first to

invent whatever subject matter is being referred to.

45.    A § 146 action is a review of the Board's determination.  Therefore, if the Board's finding of unpatentability of any of Worm claims 7-9 is not affirmed and any of those claims are held to be patentable over the prior art, the action must be remanded to the Board so the Board can determine the first inventor of the interfering subject matter between the Navarrini '582 application and Worm's '536 patent under 35 U.S.C. §§ 102(g) and 135 and resolve all other outstanding issues that result from a finding of the patentability of any of Worm claims 7-9 over the prior art.

**ANSWER:**

Denied.  See Answer to 44.

## **REQUEST FOR RELIEF**

Accordingly, it is respectfully requested that:

Defendants Counterclaim Counts One - Five be dismissed, with prejudice, and

that Plaintiffs be awarded their costs and attorneys fees pursuant to 35 USC § 285.


Date:  June 1, 2006                     /s/Steven B. Kelber
                                        Steven B. Kelber
                                        D.C. Bar No. 358515
                                        Merchant & Gould
                                        901 Fifteenth Street, Suite 850
                                        Washington, D.C. 20005
                                        Telephone:  202.326.0300
                                        Facsimile:  202.326.0778

                                        Counsel for Plaintiffs