UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and DYNEON, LLC,<br><br> *Plaintiffs*,<br> v.<br><br>SOLVAY SOLEXIS S.p.A.,<br><br> *Defendant.* | Case Number:  1:06CV00371-EGS |
| SOLVAY SOLEXIS S.p.A.,<br><br> *Counter Claimant*,<br> v.<br><br>3M INNOVATIVE PROPERTIES COMPANY and DYNEON, LLC,<br><br> *Counter Defendants.* | |

**THE PARTIES' JOINT SUBMISSION REGARDING THE
ANSWERS POSED IN LOCAL RULE 16.3(C)**

The parties submit this report pursuant to the Court's September 18, 2006 Order For Initial Conference.  D.I. #11.

**I. BRIEF STATEMENT OF THE CASE**

This case is an appeal of an interference decision by the Board of Patent Appeals and Interferences (the " Board") under 35 U.S.C. § 146.  The interference involved U.S. Patent No. 6,255,536 (the "'536 patent"), assigned to 3M Innovative Properties Company and Dyneon LLC

(collectively "3M"),[1] and U.S. Patent Application No. 09/840,582 (the "'582 application"), assigned to Solvay Solexis S.p.A. ("Solvay").  In particular, the interference involved claims 7 – 9 of the 3M's '536 patent and claims 52 – 57 of Solvay's '582 application.  In February 2006, the Board issued a decision holding all these claims unpatentable over U.S. Patent 6,294,627 (the "'627 patent") and PCT Publication WO 99/48939 (the "'939 publication").  Under 35 U.S.C. § 146, 3M appealed the decision to this Court, and Solvay filed counterclaims.

3M argues that the Board's ruling holding 3M's claims are unpatentable should be reversed, while Solvay seeks affirmance of that ruling.  In its counterclaims, Solvay contends that Solvay's claim 57 is patentable over the '627 patent and the '939 publication.  3M argues otherwise.

### II.    MATTERS UNDER LCvR 16.3(c)

The parties provide the following answers to the questions set forth by LCvR 16.3(c).

**1.    "Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion."**

Both parties believe the case is likely to be disposed of by dispositive motions, if the case is not settled.  The parties have not yet briefed or filed summary judgment motions because of ongoing settlement negotiations, which are likely to result in settlement.  If settlement does not go forward, the parties plan to file summary judgment motions.  The parties recommend having discovery await the Court's rulings on summary judgment motions.

Concurrently with summary judgment briefing, the parties also recommend briefing the question of the issues that can be raised in this action.  There are limits on the issues that can be

---

[1]     Both 3M Innovative Properties Company and Dyneon LLC are wholly owned subsidiaries of 3M Company.

raised in an action under 35 U.S.C. § 146. The parties dispute which issues should be addressed in this action. Early resolution of this dispute could save significant litigation expense and promote overall case efficiency.

2. **"The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed."**

The parties propose December 1, 2006 as the date for adding parties or amending the pleadings. The parties expect that they may be able to agree upon or narrow some factual or legal issues.

3. **"Whether the case should be assigned to a magistrate judge for all purposes, including trial."**

No.

4. **"Whether there is a realistic possibility of settling the case."**

The parties believe that settlement is likely.

5. **"Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form [sic.] of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**
   **(i)     the client's goals in bringing or defending the litigation;**
   **(ii)    where settlement talks have already occurred and, if so, why they did not produce an agreement;**
   **(iii)   the point during the litigation when ADR would be most appropriate, with special consideration given to;**
      **(aa)   whether ADR should take place after the informal exchange or production through discovery or specific items of information; and**
      **(bb)   whether ADR should take place before or after the judicial resolution of key legal issues;**
   **(iv)    whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, and assessment of damages and/or the potential settlement value of the case; and**
   **(v)     whether cost savings or any other practical advantage would flow from a stay of discovery or of other pre-trial proceedings while ADR process is pending."**

At this time, the parties do not believe that ADR would be useful. Counsel have conferred with their clients regarding ADR.

6. **"Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions."**

The parties each plan to submit summary judgment motions, which, if granted would dispose of the case. The parties propose the following briefing schedule for summary judgment motions to be filed before factual discovery commences. The parties also propose scheduling a status conference after a ruling on summary judgment motions, and as mentioned above, the parties recommend concurrent briefing of the issues to be addressed in the case. The proposed briefing schedule is:

| | |
|---|---|
| January 24, 2007 | Motions for Summary Judgment, Motions on Issues to Be Addressed in the Case ("Issue Motions") |
| February 23, 2007 | Oppositions |
| March 14, 2007 | Replies |
| April 13, 2007 | Hearing on Summary Judgment Motions and Issue Motions |
| June 8, 2007 | Proposed Date for Ruling on Summary Judgment and Issue Motions |
| June 15, 2007 | Proposed Status Conference After Summary Judgment and Issue Rulings |

This action will be tried to the Court. Thus, the parties do not anticipate the need for another round of summary judgment briefing if the summary judgment motions referenced above are denied. The parties, however, would like to reserve the right to file subsequent summary judgment motions if, based on discovery, such motions would appear appropriate.

7. **"Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures."**

The parties will stipulate to dispense with initial disclosures.

8. **"The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions."**

As discussed above, in this action under 35 U.S.C. § 146, only certain issues can be considered at trial. The parties dispute what those issues are and thus recommend briefing the topic. The Court's ruling on which issues should be considered will affect the scope of requisite fact discovery. Thus, the parties would like to revisit the question of the duration for a fact discovery period after the proposed ruling on the Issue Motions. If a time period needs to be set now, the parties recommend four (4) months for fact discovery, including answers to interrogatories, document production, requests for admissions, and depositions. With that length of time, fact discovery in the attached proposed schedule would end October 15, 2007. Expert discovery would end January 22, 2008.

The parties do not anticipate the need for any change in the default limits on discovery set forth by the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of Columbia. After a ruling on the Issue Motions, the parties might be able to lower the default limits. The parties would recommend revisiting the issue after the Court rules on which issues can be raised in this proceeding.

A protective order would be appropriate in this case.

9. **"Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur."**

The parties are satisfied with the requirements of Rule 26(a)(2) for expert reports. The parties believe that expert depositions should take place during the proposed expert discovery

period after rebuttal expert reports are served. In the attached proposed scheduling order, expert depositions would take place between December 22, 2007 and January 22, 2008.

> **10.** **"In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision."**

Not applicable.

> **11.** **"Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation."**

No bifurcation is recommended.

> **12.** **"The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter)."**

The parties recommend setting the date at the proposed status conference after summary judgment motions are decided. If a proposed date is required now, the parties propose April 18, 2008.

> **13.** **"Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference."**

No need to set a trial date at this time.

> **14.** **"Such other matters that the parties believe may be appropriate for inclusion in a scheduling order."**

None at this time.

Dated:  October 24, 2006                                     Respectfully submitted,

*/s/ Steven B. Kelber*
Steven B. Kelber
D.C. Bar No. 358515
Merchant & Gould
901 Fifteenth Street, Suite 850
Washington, D.C. 20005
Telephone: (202) 326-0300
Facsimile: (202) 326-0778

*Attorney for Plaintiffs and Counter Defendants 3M Innovative Properties Company and Dyneon, LLC*


*/s/ John R. Hutchins*
John R. Hutchins - Bar No. 456,749
KENYON & KENYON LLP
1500 K. Street, N.W., Suite 700
Washington, D.C.  20005
Phone:  (202) 220-4200

John R. Kenny
Michael J. Freno
KENYON & KENYON LLP
One Broadway
New York, NY  10004
Phone:  (212) 425-7200

*Attorneys for Defendant and Counter Claimant Solvay Solexis, S.p.A.*